Case 12-3024, United States of America v. Howard R. Shmuckler. Ms. Rowland for the opponent, Mr. Apperson for the affiliate. Good morning. May it please the Court. The opportunity to inquire during voir dire when juror bias is suggested is a guarantee of the defendant's right to an impartial juror. None of us knows whether juror 0514 was actually biased, but the switch was so unusual and unexpected... You referred to the juror who incorrectly came into the box never sat on the case, did he? That's correct. So how is there any jury bias? The wrong person went in the box, nothing happened, there were no evidences introduced, no part of the trial occurs, and then the correct juror replaces the juror. Is that right? Yes, the correct juror... So where in the world is there any bias? What happened was so very odd... I know it's odd. I know it's odd. I'm not asking you whether it's odd. I'm asking you how there could be any bias from somebody accidentally or deliberately going in the box and doing nothing before the trial ever started and leaving before the trial started. The prejudice is not in juror 01547 going into the box. The prejudice is in the juror who sat, perhaps avoided going into the box because of prejudice, or having disobeyed the court's instructions, bias was created. So it really isn't about juror 01547. It's about the reasons why juror 0514 might have failed to take her seat and how that might have affected her later. Tell me the scenario that you think could be to the prejudice of your client here. All I see is the wrong juror went in the box, had three of the same digits, but was custodied differently in the jury number. The attorney's approach, or I think the U.S. attorney's approach, told the judge wrong juror's in the box. They take that juror out before the trial begins on Monday. They'll write juror's back and put him in the box. Is that not what happened? That is what happened. There's a small detail that the court left out, which is that she failed to follow the judge's instructions to report back to the jury room. But she did come back on Monday after she was called. I don't know why she responded all morning long to her juror number but failed to respond in the moment when it counted. I don't know why the other juror responded to his juror number all morning long and then responded to someone else's in the moment that counted. I can speculate. I mean, I could come up with, like, speculative scenarios. I wouldn't mind if you did that. I'm having a very hard time finding a possibility of prejudice in these events. Okay. You can speculate for me. I don't know what it could be. Okay. If the two veneermen colluded in the juror lounge while they were waiting and juror 1547 agreed to take 0514's place, then we don't know why she might have wanted to avoid jury duty. But having tried and failed and now being called in, there are cases discussing that kind of prejudice because the juror would or might naturally think that they need to curry favor with the government in order not to be prosecuted for their misbehavior. You agreed that you would be speculating that there was any collusion. There's no evidence of that. Absolutely. No thought at all. Yes. So then you would be speculating that the person felt guilty  That's like two levels of speculation. I don't need to offer the speculation to answer the court's questions, but to prevail, we don't need to speculate. We just need to see that he had a right to an impartial and different jury, and the circumstances were so odd that they simply required inquiry. They have to raise a question of at least some question of potential prejudice. Beyond speculation. Well, we have a right to, or Mr. Schmuckler has a right to, voir dire that would ferret out any kind of partiality, any bias. Can you cite a case where there was, where this obligation was recognized by court, where there was no actual evidence of jury bias? In other words, every case you cite in your brief, there was evidence, actual evidence of possible juror bias. Can you cite a case? I mean, you're sort of making a race-ypsilon argument, right? It was so odd that the court had to investigate. It's so odd. There is the possibility of bias. Is there any case that says that? You may be right. I just want to know if there's any case, because I haven't found it. Well, there are no cases that I'm aware of that have this particular circumstance, but there are cases cited in my brief that say when there is a suggestion, there's a possibility. Yeah, evidence. Evidence. Some indication, not speculation. And the evidence is that all morning long, juror 0514 answered to her name, 1547 answered to his, and at the final moment, she fails to take her seat and he takes her seat. So the two of them would have to be making the same mistake at the same time, which seems highly unlikely. And all we have to show is possible bias to require the court to ask questions. I'm sorry, is that true under plain error or else? You agree this is a plain error case, right? Yes, it is. Because they didn't ask the question. Right. So assuming that you're right, that they would have had the right to question then, how do we translate that to the standard of review here? It was error that was clear and obvious that when something like that comes up that suggests possible bias, the court needs to make an inquiry, and failing to do so affects his substantial right to an impartial jury and, of course, affects the perception of the court. Could you say something about the sufficiency of the evidence or what you described as a variance question with respect to the counterfeiting? Yes. Our argument is that there was a variance between the grand jury's indictment and the proof at trial. The testimony could not have been more clear that the check in question was the valid check of the company. Can I ask you, so I'm not understanding why actually both sides are describing this as a variance question rather than just a sufficiency of the evidence question. I mean, isn't it correct that if we assume you're right, that there was insufficient evidence to establish the charge of counterfeiting, there would be prejudice and a variance, right? There would be a prejudicial variance. It's clear that if you were right about the insufficiency of the evidence, that there would be a variance, right? Yes. A prejudicial one. Right. And it's also clear that if the evidence were sufficient for counterfeiting, you would not have a prejudicial variance, right? Yes, we would have a prejudicial. Even if there was enough evidence for counterfeiting? Oh, I'm sorry. If there was sufficient evidence of counterfeiting. Yes. And he was charged with counterfeiting. Which he was. We have no problem.  Yes, he was charged with counterfeiting. All right. And if they had produced evidence of counterfeiting, we would have no problem. And if they didn't produce evidence of counterfeiting, you would have insufficient evidence. Yes. And you would have what you call a variance. And a variance is a subset of insufficient evidence. So why are we talking about variance here? Why isn't this just a straightforward question? Was the evidence sufficient? What is the variance discussion, which is extremely complicated in both briefs, what does it add to our analysis? Well, it adds the or it illuminates the issue of the fact that he was not on notice of what the charge was and what kind of defense that he might. That's only true if there was an insufficient evidence of counterfeiting, right? Right. So isn't this just, I'm not saying this is bad for you. Right. It might be good for you. Isn't this just an insufficiency case? I think that you will find in our brief that we did actually argue that it was insufficient. I know, I know. I agree with you. You did not waive this argument. This is not a trick. I'm just trying to figure out. Right. I'm just, you raised the insufficiency. And personally, I think it's better for you to argue this as a lack of sufficiency. I don't understand why both sides have all these pages on variance when this is not the kind of case where that makes any difference. The question is, if there's sufficient evidence, then you have no prejudice, and so any variance argument adds nothing. And if you have insufficient evidence, you do have a prejudice, and so your variance argument adds nothing. So is there any reason why I shouldn't think of this just as the question of whether there's sufficient evidence? Could I ponder that? Yes. I'll get back to you. I'm taking your silence as at least leaning toward agreeing with me on the analysis. I don't know. Think about it. Think about it. Like the defense counsel here, I'm not thinking on my feet. Oh, yes. We know you better than that. We know you can think on your feet. All right. So your view is that on this one check that this really at best is a forgery and not a counterfeit because it does not entirely change the check. Can you tell me were the original checks put in or just these copies? I think that the, like, original, you know, the valid check. No, I mean the physical piece of paper. Right, right. I think it was a copy of the check that the young agency had actually written to its insurance carrier. I don't think it was the actual check. And the same with respect to the, I'm assuming for the moment, forged check. That was also just a copy? Because the version we have has obviously both has a front and a back on the same piece of paper. So I'm guessing this is also they only put in a copy, but I don't know. I think that it was a copy, yes. I think that they were all copies. So what's the evidence you point to that suggests that this was a forgery and not a counterfeit? The representative from the young agency gave the only testimony on this matter, and he testified that the company had issued a check to its insurance carrier and that that check had been altered fraudulently to change the payee's name. But how would he know that that's – when did he discover this subsequently? He didn't know about it at the time, right? That it was cashed? Well, he learned about it when it was deposited in the bank. After whatever was done to it happened, right? Right. Well, I think he knew it by inference because the insurance company did not receive their check, and he had to put stop payment on that one and reissue a check to them. Well, there were – so that's what you're relying on, his testimony, where he says the word forged? Well, not simply that he used the word altered fraudulently, but the fact that – That's what I meant, yeah, altered fraudulently. The fact that he had to put stop payment on that check and his insurance company had not received the check that Young Company had written to them, and he had to issue a new check to them. Well, couldn't it – the jury – there was testimony about how effective these copiers are, right? Color copiers, right? Wasn't there? I mean, couldn't the jury have – Was the name of it just – the so-called forgery was the PE's name was changed, right? Yes. I mean, somebody could have made a copy of the check with the name blocked out and put in the new PE, right? And that would have been a counterfeit, correct? Yes, if they recreated – Yeah. Well, if you create something out of whole cloth, and I suppose they do use some sort of copying method to do that, then it would be a counterfeit check. Right. But the testimony – he was quite certain that this was the check that he issued, and he had the check numbers corresponding. But that would still be the same – that would be the same if it was copied, right? The check number would be the same. Yes. It wouldn't explain why the company never got their check if it was simply a counterfeit. And these other counterfeits, all the other charges, the – it was never a check that was altered. It was always – or it was never a legitimate check of the bank or the company. It was always – I suppose somebody had a template and was, you know, creating these checks. They didn't – the numbers didn't correspond to, you know, their books. So the other four – there were four other checks, correct, or three? Four. Also four. And you don't object to – you don't argue lack of sufficiency evidence with respect to those, right? Correct. So are they different in some respect? How are they different? Well, it makes a difference to Mr. Schmuck. No, no. Oh, and that's a different question. Oh, I'm sorry. I was asking you why is this check different from those other checks? This check is different because all of the other checks were created from whole cloth. They were not stolen from the banks or the companies. They were not checks that – Was there testimony about that, that the others were created from whole cloth? Yes, yes. For example, the representative from Farmer State Bank, they had thousands of cashier's checks purporting to be from their bank coming in, and none of those were actual cashier's checks that they had created. They were created from whole cloth by whoever was doing that. And I think that that's true for all of the other companies and banks as well. What is your understanding as to how this one was created, that is to say how the change was made in the name? I don't know. There was no testimony about that. There was testimony. So the description or possibility suggested by Judge Tatel is not inconsistent with the evidence in the case? Well, there was testimony that the font of the payee did not match the font of the rest of the check. Yeah. So if it were a copy and that font were typed in while the computer was processing, or weren't processing, apps of the computer were processing the creation of a new check, it could well be a different font than in the original. Yes. The young agency representative testified, this is the check that we wrote to our insurance company. Was that the original physical check in any event, whether it's genuine or whether it's counterfeit or whether it's forged? Was the exhibit the actual original physical check? You know, I don't really know the answer to that question. I wasn't at the trial. So all you really know from the evidence is that a check with that number was issued to a different payee? Never arrived. And then we have the gentleman's testimony that this is the check. It was altered fraudulently to change the payee's name. That is the only evidence. But the this is the check part does not necessarily identify this as the physical document originally produced. That was his testimony. This is the check? This is the check. How was this check presented and processed? You understand what I mean? Most people do not take physical checks to the bank and deposit them. Well, maybe not most, but many people do not. These were all direct deposits. These were all walking into a bank and depositing them into his account. It was not, nothing digital. I should not say most, but many people do not. Right. Well, this was a number of years ago. High school. I do, too. I do, too. Yeah. I do go through the drive-thru. I don't even understand that thing about taking a picture and, you know. So you were about to answer a different question than I asked, which is, what difference does this make to Mr. Schmuck? It's one less conviction, which potentially has repercussions for him. He was charged a $100 fee was imposed that he is paid and would be refunded. Okay. How many counts was he convicted of and sentenced on? I think he was convicted of 11. And the sentences all ran concurrent. Yes, they did. It would not affect. So the only real difference is the $100 assessment, right? Yes, and he is entitled to. There's a Supreme Court case that says we have to consider every conviction, regardless of its impact. Yes. Okay. If there are no further questions, I'd like to reserve my time for rebuttal. Well, there's nothing to reserve, but you know me. I'll give you a little time. Okay. Governmentson. Good morning, Your Honors. May it please the Court. Jay Apperson for the United States. Your Honor, the trial court did not clearly err, excuse me, plainly err with respect to failing to inquire further of the jurors. There is no information suggesting misconduct on the part of the jurors. Only speculation offered for the first time here on appeal. It was never raised below. Well, that's not quite right. There was a motion after the judgment, right? It is. And there was no – the only thing that was suggested at the end of the motion was a perfunctory statement. Appellant requests the Court to grant this motion for authorization to interview the juror regarding possible misconduct without any further claim. And that was made after verdict? A year later. A year later. So even at that point, the suggestion now for the first time on appeal of collusion has been offered for the first time on appeal, and there is no information suggesting collusion. In fact, there's no information suggesting that either of the two jurors ever spoke. They were sitting on different sides of the courtroom, as Appellant's brief so aptly notes, so they were not even seated next to one another. So there's simply not a shred of information to suggest, as they now claim, collusion. And so the Court had no basis to inquire further. Can we talk about the check? Yes, sir. What is the government's theory about how these – well, first of all, was there a physical check that was put into evidence or only copies of checks? There were two checks put in evidence. One was the original check. That was Exhibit 64. And that's the – that's what I have here. Is that the physical check? It's the one that has the void on it. Right. No, I see. But what I have is a copy, obviously. Correct. Is the original actual physical check produced? No. My understanding is that the trial exhibits were both photocopies of the original. So no real check, no thing that we in the real world think of as checks was put in. That's correct. That's correct. So what's the government's theory here? Well, the evidence was the witness testimony. Contrary to appellant's suggestion, at page 70 of the brief, the witness testified. Exhibit 9E is the actual check that was the counterfeit check. And the government counsel asked during trial, how do you know that this, 9E, is a counterfeit check? Yes. And the witness answered because the PE information is different from the original check and it contains fonts and typesets that are different. Well, that certainly doesn't prove it's counterfeit. I submit in the light most favorable of the government, that is the evidence showing that it is counterfeit. I don't understand. It says, I'm reading, because the PE information is different from the original check and also the fonts and typeset is different from all other aspects of the check, from the original check. So that could easily mean that the PE was pasted in on top of a real check. Not when it's answering a question, how do you know that this is a counterfeit check? And the witness then explains why he chose it to be counterfeit. Nobody defined the word counterfeit to the witness, did they? No, Your Honor. And the rule is counterfeit must be entirely different, right? It has to be manufactured in its entirety. That is the statutory language. Right. So we don't have any idea whether the witness was aware of the statutory requirement. No. But we're certainly aware that counsel was aware of that. And in closing argument at page 70 of closing argument, counsel acknowledged twice that this was a counterfeit check. Tell me where that is. Page 70 of the trial transcript, 12-12. Can you help me with the final? December the 12th, page 70. Is this in either one of the – oh, December 12th. Yes. Got it. Page 70. Middle of the page. Hold on one second. And this is the defense counsel, is that? Yes, Your Honor. So during this time period, Mr. Schmuckler is receiving these checks that later were determined to be counterfeit? Yes, sir. And at the end of that paragraph it continues that he accepted the checks that later came back to be counterfeit. And it goes on to describe that these are the five checks, that's counts 6 through 10, of which count 8 is the pertinent one. Sir, just help me. Where's the second reference to counterfeit? They're both in that same paragraph. Yeah, I was just saying, point me to the line, that would be helpful. Can you? Yes, line 13 and line 20, Your Honor. So you're taking this as an admission by the – in other words, you're taking this as an admission by defendant that they're counterfeit? I think it is, and it certainly suggests that there was no surprise. In fact, in his opening statement he said the same thing. Page 48 of the December 5th transcript, lines 17 and 18. Hold on one second. Sorry. What page? Sorry. That's part of it. 48, it's the appendix page is 360, Your Honor. December 5th transcript, page 48. Yeah, what line? 17 and 18. Okay, so now – Mr. Schmuckler had nothing to do with creating these counterfeit checks or distributing these counterfeit checks. At the bottom, excuse me, on 24 and 25, he again refers to it, these checks were sent to him and he later learned they were counterfeit. So are you saying that this is an admission by the defendant? Is that what you're relying on? I think it is, Your Honor. The closing arguments confirm that counsel understood that there was sufficient evidence to support the counterfeit check. There was never an objection to the prosecutor's question to the witness, how do you know that this is a counterfeit check, and no objection to the answer that he gave. And so in the light most favorable to government, that is sufficient evidence to support the charge. It was acknowledged at both opening the statement and the closing argument. If there were insufficient evidence, if there were insufficient evidence, can you create a sufficiency by an attorney's admission, attorney's use of the term? No, but the court would still have to look at the prejudice. So don't we still have to look at the evidence here to see if it's sufficient? No question. And that's how I began, by citing the – What I don't see is how – I'm looking at these two checks. Yes. And I don't see how I could tell that the – beyond a reasonable doubt. So a reasonable juror would have to find this beyond a reasonable doubt to support sufficiency, right? Correct. I don't see how a reasonable juror could tell that this check was entirely manufactured as compared to forged, which means a single alteration. And the answer, I think, Your Honor, is because the witness also testified at page 39 of the transcript that the original check, exhibit number 64, the unaltered check, was also presented to the bank separately. So the jury had before it that each of these checks were presented to the bank. Unfortunately, I read that section as meaning the original check, meaning the altered check. That's the problem. When he's talking about that on that page, I appreciate it as ambiguous, which doesn't help you any. Well, to the extent it's ambiguous in the light most favorable to the government – It has to be ambiguous in a light that would allow the jury to find beyond a reasonable doubt, not just ambiguous. It's not enough that the jury could speculate, right? For sufficiency of the evidence, it is not enough for the jury to speculate, correct? That's our classic statement of the law. Well, there's no question of that, but I don't think it calls on speculation if the witness has said the original check, which I think reasonably understood by the jury, could properly infer that it was government exhibit 64. What he says is the original check was presented to the bank, but it was never – it never cleared the bank. It was never cashed. On the previous page, it explains that the original check that we just spoke of had been fraudulently altered, presented for payment to the bank. The payee name had been altered fraudulently, was detected by the bank, and was brought to the attention of our corporate offices. That sounds to me like what he's saying is that the forged check, or counterfeited, or whatever you want to say, was presented to the bank. Is it the government's position that this check, which is government exhibit 64 at page 32, that that check was presented to the bank? Absolutely. And how do you know that? I've just cited the – that's how I read the witness's testimony. And I think the jury properly could infer that that's what the witness was. Did the government subpoena the bank's records or anything like that? I'm not sure if these checks came from the bank. They must have because it also includes the – bear with me, Your Honor. I'm talking about check number 64. There's no doubt about it that the JA-33 is because it's got the markings on it. Correct. So I'm not sure if that was subpoenaed from the young – the company that wrote the check or from the bank. I don't know the answer to that, Your Honor. Who wrote void on the check on 32? I don't know the answer to that. I'm not sure that there was testimony with respect to that. But I believe that the witness testified. I read the witness's testimony to refer to government 64 as the original check. And, of course, here's a lay witness talking about – and, by the way, the court had asked counsel as to the color-copying testimony. That was found at page 84 of the December 6 transcript. Another witness, Mr. Bodansky, who testified how counterfeit checks are made currently, generally, and that is by the use of color copier. So there's – when the witness is talking about altering an original check, it's certainly not clear, but in the modern times when one is creating a check, one is not necessarily altering the original check, but capturing image on a copier of an original check and then manipulating that image to create a counterfeit check. And I think under those circumstances, the jury could reasonably infer that that's exactly how this counterfeit check was created. And the witness was directly asked, how do you know that this check is counterfeit? It should be a lot easier if the original check were put into evidence. There's no question. There's no question. Why does the check on JA-32 have a dark background and the check on 33 have no color – no background, and yet nobody mentioned anything about that during the examination?  I copied the two – the actual exhibits with the government stickers on them. Could you pass those up because mine does not look like that. Don't expect to get them back. I hope I haven't written anything incriminating. I will avert my eyes. We're good. So I don't know – the court. The shading of the – it shows they're shady checks, I guess, is the best way. No, no, it's – fortunately, unfortunately – no, it looks the same to me. What I'm talking about is on government exhibit 64, there is a dark background. And on government exhibit 9E, it's just clear. It's just white. But nobody discussed – nobody mentioned that. I've never – I'm going to hold on. I will give you these back, but I don't think they're – At any rate, an appellant cannot show prejudice. They still have to show prejudice. Not if the evidence is insufficient. Right? If the evidence is insufficient for a reasonable juror to conclude beyond a reasonable doubt that there was counterfeiting, that's the end, isn't it? There's no question. So they don't have to show prejudice. Well, that's prejudice. That's per se prejudice. To the extent the court proceeds on a purely sufficient evidence, absolutely. Do you see any reason why we should look at this differently, why this case should be thought of as a variance case one way or the other rather than it as an insufficiency case? I think the court's analysis makes a lot of sense. And the United States doesn't have a whole lot to lose if you lose this count, do you, Ken? There's no question to that. That's both ways. No question here with respect to that. Unless the court has further questions, we would ask that the judgment of the district court be affirmed. I just have one more. I saw you looking down. On the jury question and this dispute about whether the district court had jurisdiction or not, there's no doubt that we have jurisdiction to rule on the motion that they filed with us, right? I think that's correct. Regardless of whether the district court had jurisdiction. Absolutely. And we could rule on the good cause element of what the district court did regardless of whether there's jurisdiction. That's correct. And that's what we review on abuse of discretion with respect to the court's finding of no good cause. And with respect to that, I submit the record shows there was no good cause. I read to you the only reference in the motion with respect to the possibility of misconduct without further elaboration. So I don't believe that that constitutes good cause, and the court clearly did not abuse its discretion in so finding. And the court found that nothing in the factual recitation presented by appellant rose to the level of good cause, and nothing would suggest the possibility of misconduct. Further questions? No. Okay. Thank you, the court. Well, he left you with five extra seconds, which I'll give to you, and another whole minute. How about that? Could you address this question of the defense counsel? I appreciate it wasn't you. Apparent concession in the opening and closing argument that the check was counterfeit? Well, I don't view that as a concession, and it certainly is contrary to the testimony. He filed a motion for judgment of acquittal, or he made a motion for judgment of acquittal, and that preserves any insufficiency or subset of insufficiency argument. Obviously it does, but it wasn't on this ground, so there wasn't a specific objection about this. Before the jury, he appears to be conceding that it's counterfeit. I think it's fair to say that he didn't focus in on this. If he had, he would have said something specific about it. But I don't think that using the terms of the indictment is a concession on his part. The word forgery never came up at the trial. It's not in the indictment. It wasn't in the instructions. No person ever uttered that word during the trial, so it wasn't his focus. As to why I raise this as a variance and an insufficiency issue, I'm having trouble recreating my thought process. You're defending anyway, so you might as well try that argument, too. Well, I think I thought it gave me a little boost because there is the argument about how, you know, that he was not prepared to defend on that. You know, he might have presented an alibi for the period in which that check was stolen. But then still, in order to get there, you have to win the insufficiency argument. And if you win the insufficiency argument, you win. Right, right. And on page 41 of our brief, you say that. I looked closely for that. You preserved the argument, no doubt about it. And what do you say about their suggestion that the witness was testifying that the check was the original check, that is, that J.A. at your appendix 32, that that's the original check and that that was presented to the bank? It's Government Exhibit 64. The opposing counsel was saying that the witness's testimony was that Government Exhibit 64 was the original check and was presented to the bank. I don't think that's the case. His testimony is that the way that they learned of this was a check with Mr. Schmuckler's name on it was deposited in the bank, and the bank caught it. They stopped payment on it, and then they reissued a check. And he testifies that this is a replacement check that we were required to issue because the first check that I just spoke of that we issued on September 28th had been altered, fraudulently altered, and brought to our attention by the bank. We were required to put a stop payment on the original check and reissue the replacement. So I don't think that there was any reason for them to put a stop payment and reissue if it had not been a fraudulently altered check. Questions? More? Thank you. Thank you. We'll take the matter under submission.
judges: Garland, Tatel, Sentelle